# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                             )
      v.                     )       ID Nos. 1909003826,
                             )              1911004288
TREVOR S. LIVESAY,     )
                             )
     Defendant.       )

Date Submitted:   February 28, 2020
Date Decided:     July 16, 2020

## ORDER

Upon consideration of Defendant's Motion for Sentence Modification ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.     On January 28, 2020, Defendant pled guilty to two counts of Burglary Second Degree.[1] Defendant was sentenced as follows: for Burglary Second Degree, N19-09-0864-I, 8 years at Level V with credit for 144 days previously served, suspended after 3 years, for 1 year at supervision Level III;[2] and for Burglary Second Degree, N19-11-0564-I, 8 years at Level V, suspended after 2 years, for 1 year at supervision Level III.[3]

---

[1] ID No. 1909003826, D.I. 12; ID No. 1911004288, D.I. 3.

[2] The first 3 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 825, 74 Laws 2004, ch. 345, § 4, eff. July 12, 2004. To clarify, Defendant was sentenced under 11 *Del. C.* § 825 before the 150th General Assembly amended the statute removing the mandatory minimum sentence. *See* 11 *Del. C.* § 825, 82 Laws 2019, ch. 215, § 1, eff. Sept. 16, 2019.

[3] ID No. 1909003826, D.I. 14; ID No. 1911004288, D.I. 6 (Corrected Sentencing Order filed on June 25, 2020). Probation is concurrent. Defendant's sentences also required him to be evaluated

2. On February 28, 2020, Defendant filed the instant Motion, asking the Court to modify the Level V portion of his Burglary Second Degree, N19-11-0564-I, sentence and place him into the Key Program while at Level V, then suspend the remainder of his Level V time upon successful completion of the Key Program.[4] Defendant asserts that the Key Program can address his mental health and substance abuse issues.[5]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. Under Rule 35(b), a motion for sentence modification "must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[6]

4. This is Defendant's first Rule 35(b) motion, and it was filed within 90 days of the imposition of sentence. Therefore, consideration is not barred by Rule 35(b).

5. At Sentencing, the Court ordered Defendant to receive mental health and substance abuse evaluations and comply with all recommendations for

---

for substance abuse and follow recommendation for treatment, counseling, and screening. In addition, Defendant was required to receive a mental health evaluation and comply with all recommendations for counseling and treatment.

[4] ID No. 1909003826, D.I. 14; ID No. 1911004288, D.I. 5.

[5] *Id.*

[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

counseling and treatment deemed appropriate.[7]  The Court defers to DOC to determine whether Defendant should be enrolled into the Key Program.[8]

6.  The Court finds Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.[9]  No additional information has been provided to the Court that would warrant a modification of these sentences.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Modification is **DENIED.**

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:  Trevor S. Livesay (SBI# 00288630)
     Annemarie H. Puit, DAG

---

[7] ID No. 1909003826, D.I. 14; ID No. 1911004288, D.I. 6.

[8] *See* 11 *Del. C.* § 6531; see also *Winward v. Taylor*, 788 A.2d 133 (Del. 2001) (holding "an inmate's participation in a particular drug treatment program rests within the discretion of the Department of Correction . . .").

[9] *See* ID No. 1909003826, D.I. 14; ID No. 1911004288, D.I. 6.  Defendant has an extensive history of prior violent felony conviction, which the Court took into consideration at the time of sentencing.